## No. 7881.

### STATE EX REL. JOHN A. CHEEVERS VS. HENRY L. DUFFEL ET AL.

By the adoption of the Constitution of 1879, the judiciary system created and established
    under the Constitution of 1868, ceased to exist at the time fixed in the new organic law.
The Fourth Judicial District Court was, therefore, out of existence after the first Monday in
    the month of April, 1880, and the Judge, who had presided over it up to the moment of
    its extinction, could not pretend to hold over, until his successor was appointed ; his own
    official existence, like that of his Court, had terminated.
No Injunction should issue at the demand of the Attorney General, and on the ground of
    ineligibility, to prevent a District Judge, whose election has been legally promulgated
    and who has been Commissioned by the Governor, from entering upon the discharge of
    his duties.  The question of eligibility must be tried in a different proceeding.

# APPLICATION for Writ of Prohibition.

James D. Augustin and St. M. Bérault for the Relator :

The issuance and perpetuation of the Prohibition are prayed for on the
    following grounds, to wit :

1st—That the late Fourth Judicial District Court was, and the present
    Twenty-Second Judicial District Court is (as a *tribunal* and *irre-
    spective* of the Judge thereof), utterly without jurisdiction to take
    cognizance of and try the suit No. 2013 of the State of Louisiana
    ex rel. vs. John A. Cheevers, the relator and applicant herein for the
    writ of prohibition.

2d—That the Honorable Henry L. Duffel, late Judge of the extinct Fourth Judicial District Court, under the superseded constitution of 1868, is absolutely incompetent, and without any legal title, right, or power whatever, to preside in said Twenty-Second Judicial District Court, and to try said suit No. 2013, or any other.

3d—That neither the late Fourth Judicial District Court had, nor the present Twenty-Second Judicial District Court has, power and jurisdiction to enjoin and restrain a commissioned District Judge from entering into his office and upon the discharge of the duties thereof.

The objections are, in substance, that the suit is *coram non judice*—is before one who is not the proper judge—is in a tribunal that is not the proper court—that both are incompetent—*ratione materiæ.*

If these objections are true, then are they well and legally taken against a manifest usurpation of jurisdiction, against a clear, undue arrogation of power—wrongs, for the speedy redressal whereof—for the timely deliverance therefrom—this Honorable Court has ample plenary power—being invested by Article 90 of the Constitution of 1879 with "control and general supervision over all inferior courts," and power to issue all "remedial writs." Thus "no pent-up Utica" contracts your power, for an almost boundless control and general supervision are yours.

J. C. Egan, Attorney General, F. B. Earhart, District Attorney 22d Judicial District, R. N. Sims, E. N. Pugh, Fred Duffel, and Paul Leche for Defendants:

Articles 196 and 200 of the Constitution of 1879 have no application to a case like this. The one provides for impeachment of a guilty officer *while in office.* The other provides for *removal* from office.

It is Article 171 of the same Constitution which should govern, as it provides that persons like the Relator *shall not be elected.*

The Injunction having been applied for in legal form, was properly granted, and can only be dissolved by this Court *on appeal.* 29 An. 360 ; High, p. 566, No. 780 ; 21 An. 123 ; 29 An. 796 ; 30 An. 78.

Art. 259, Constitution of 1879, provides that, in order that no inconvenience may result to the public, *no office shall be superseded thereby,* etc.

Art. 161, Constitution of 1879, provides that *all* officers shall continue, etc., until their successors *shall be inducted into office,* etc.

The Fourth Judicial District Court was not wiped out of existence by the Constitution of 1879. It only underwent a change in its numerical designation.

These questions were elaborately discussed in the year 1812, by the Judges of the Superior Court of the State. See 3 M. 2. Also 10 M. 1.

Cheevers vs. Duffel.

The opinion of the Court was delivered by

BERMUDEZ, C. J. John A. Cheevers was a candidate at the last general election for the office of Judge of the 22d Judicial District Court in this State, and obtained a majority of the votes cast for that position. This result having been announced in the manner required by law, he was commissioned as such judge by the Governor on the 5th of January, 1880, and took the oath of office on the 26th of the same month. On the 2d of April, following, a petition was filed in the name of the State by the Attorney General and the local district attorney, before the Fourth Judicial District Court, charging, for stated reasons, the ineligibility of Cheevers to the office of judge of the 22d Judicial District Court, and asking for an injunction to prevent him from entering upon said office.

The judge then presiding in the Fourth Judicial District Court granted the order, and the defendant Cheevers was accordingly forbidden from acting as judge of the 22d Judicial District.

On the 5th of April, the day on which the 22d Judicial District Court was to have been organized under Act 264 of the Constitution of 1879, Cheevers did not, with the usual solemnity attending such acts, open court and enter upon his functions ; but H. L. Duffel, by whom the order of injunction had been issued as judge of the Fourth Judicial District Court, claiming to be still the judge of that Court and to be the acting judge of the Twenty-Second Judicial District Court, and considering himself authorized in the premises, assumed to open and organize the said court.

On April 15, following, under the same belief, and claiming to act in the same capacity, he assumed again to open the said court.

Then and there Cheevers, the defendant in said case, objected to the course pursued by said acting judge, and offered a protest, which was not allowed to be filed. To such refusal a bill of exception was reserved.

On the 16th of April, John A. Cheevers, in the name of the State, applied to this Court for a prohibition to prevent the State officers already mentioned, and said acting judge, from further proceeding in the case brought against him as before stated, and prayed for *general relief*.

The Court allowed a restraining order, and issued a rule to show cause why the prohibition asked should not be made perpetual.

The grounds relied on by Cheevers are :

1st. That the Fourth Judicial District Court was without jurisdiction to take cognizance and try the suit in question ;

2d. That H. L. Duffel, late judge of the 4th Judicial District Court, was absolutely incompetent and without any power to preside over the 22d Judicial District Court ;

3d. That neither of said two courts had power to enjoin and restrain a commissioned District Judge from entering into his office and upon the discharge of his duties.

The defendants have made separate returns antagonistical to the pretensions of John A. Cheevers in this Court for the relief sought, and explanatory of their conduct.

The grounds upon which the relator relies, and upon which the respondents resist him, are so intimately connected and blended that it is hardly possible to pass upon the one without determining the others ; we shall therefore deal with all of them simultaneously.

We are clear that the Convention of 1879 intended that at the adoption of the Constitution which it framed the judiciary system created and established under the Constitution of 1868 should cease, and should be superseded, in the manner and at the time provided for by them in the new organic law. Art. 257.

The Fourth Judicial District Court, whose territorial jurisdiction embraced the parishes of St. Charles, St. John the Baptist, St. James, and Ascension, was to exist no more after the first Monday in April, 1880, and two courts were created by the Constitution of 1879, whose jurisdiction was to extend over that territory, namely : the 22d Judicial District Court, over the parishes of St. James and Ascension ; the 26th Judicial District Court, over the parishes of St. Charles and St. John the Baptist, and besides over the parish of Jefferson, which previously was subjected to another jurisdiction.

Commissioned and sworn as he was, as judge of the 22d Judicial District Court, John A. Cheevers would on the fifth day of April, 1880, have actually entered upon the discharge of his official duties, but for the injunction forbidding him from doing so. Relying upon article 171 of the Constitution of 1879, which provides that certain classes of persons shall be for certain causes ineligible to any office of trust, honor, or profit under the State government, and preferring certain grave charges against Cheevers, the State, represented by its officers, brought the suit already mentioned, and enjoined him from acting as judge of the 22d Judicial District Court.

Had the Fourth Judicial District Court the right of entertaining such a suit ? It may have had, so far as the proceeding contemplated a judgment to declare Cheevers ineligible ; but this is not a question that we can now determine, but one which may come hereafter on appeal. The Fourth Judicial District Court could not, however, issue, as it did, an injunction against Cheevers, who had been commissioned and sworn as judge of the 22d Judicial District Court. The allegation, verified by affidavit, that unless the injunction issued the State would sustain irreparable injury, cannot, it would seem to us, be justifiable by any assumed

state of facts, for we cannot realize what damage, reparable or not, the State would suffer in the event that Cheevers had gone into office. The proceeding was not one to remove Cheevers, but one to prevent him from entering into the discharge of the functions of judge of said court, and ultimately to disqualify him absolutely. Had the suit been to remove him after induction, no injunction could have been issued even by the Supreme Court (art. 200 Const. of 1879), to prevent him from further performing judicial acts. The suit brought would have continued without such restraining process, and would have ended only by a final adjudication of the matters at issue, so important is it that judicial officers, who are particularly entrusted with the administration of justice, be not interfered with and molested while fulfilling their functions, unless the interference or molestation be clearly authorized by law.

The petition for an injunction was presented in the name of the State, but the question arises : How can the State, after its highest executive officer had commissioned Cheevers to act as judge of said court, assume the attitude of an ordinary litigant apprehending wrong, go before one of its subordinate judicial functionaries, and, on the averment of dreaded irreparable injury, ask an immediate suspension of the action of the Executive Department, unrecalled, as it was, by any competent authority, and where the office to be filled is *originally* vacant, and is *not* judicially claimed by any litigant setting up better rights ? The *State* could not do so, in its own exclusive name, in such a case, without bringing into sudden and deplorable conflict those two co-ordinate branches of government, which are and should be kept distinct and independent, and thus disturbing the functions of the government in the administration of justice by the judiciary department. The consequence of such improvident action is verified by the circumstances attending the granting of the injunction complained of, which has practically maintained in apparent authority, acting *under color of office*, as judge of the 22d Judicial District Court, the *late* judge of the *late* Fourth Judicial District Court.

We are, under the exigencies of the exceptional and unparallelled circumstances of this case, constrained to treat H. L. Duffel, not as the judge *de jure*, which it is claimed he is, but as the judge *de facto*, acting under color of office, of the 22d Judicial District Court, as, otherwise, if he was no judge *at all*, we would have no authority to entertain, as we do, the present proceeding against him, and there might possibly exist a wrong without apparent remedy, an eventuality which should by all legitimate means, if possible, be avoided.

There is no force in the objection that the judge of the Fourth Judicial District holds over until his *successor* shall have qualified. His court being defunct, he officially dies with it. The 22d Judicial District

Court is a *new* court, which does not succeed, but which supersedes the Fourth Judicial District Court, with different powers, duties, responsibilities, and distinct territorial limitations. We are therefore of opinion that whether or not the case was properly brought before the Fourth Judicial District Court, that court has, at the instance of the State and its officers, transgressed the bounds of its jurisdiction in granting the injunction which it has allowed without any warrant, and the effects of which might have proved so disastrous. All *hiatus* or *interregnum* was well provided against by the Constitution of 1879, for the administration of justice in the territory over which the 4th Judicial District Court, previous to the first Monday of April, 1880, had jurisdiction. The 22d Judicial District Court had been created, and there was, *in esse* and in readiness to discharge the functions of judge thereof, a duly commissioned and qualified officer, who would have done so, had it not been for the injunction illegally issued against him, but which yet he respected.

When that court became defunct, all the causes pending before it were transferred by operation of law to the court provided for to fill the vacancy created by its extinction.

The case No. 2013 of its docket therefore passed to the 22d Judicial District Court, created by the Constitution of 1879 ; but, as it is brought against the person who obtained the majority of votes as judge of that court, and who claims to have been elected such, he is incompetent to determine it or deal with it in any manner, except for the purpose of disposing of it as is provided by act No. 40 of 1880, regulating the trial of recused cases in the District Courts, the parish of Orleans excepted.

It is not perhaps out of place to remark here that the acting judge should have entertained the protest offered by Cheevers and ruled upon it, in the exercise of his judicial discretion, as he might have thought best under the law, previous to allowing any default to be taken, as was permitted by him to be done, which default will have, necessarily, to be set aside as a nullity, should the defendant have any preliminary defenses to urge which the law requires to be filed before issue joined.

The petition of the relator concludes with a prayer for general relief, which, in a case involving great public interest, may be considered susceptible of all legitimate amplification. Under its cover, we think ourselves justified in the exercise of our plenary powers within the limits of constitutional boundaries to adjust the matters herein agitated, and to regulate the same, for the preservation of public order and the maintenance of the well-being of society ; otherwise, a judicial district of importance might indefinitely be deprived of its judicial officer, to the great and surely irreparable injury and damage of the citizens entitled to protection within its realm.

Cheevers vs. Duffel.

We consider that H. L. Duffel is not only without authority to act any longer as judge *de facto* of the Twenty-Second Judicial District Court in the case of the State vs. Cheevers, No. 2013 of the docket of the late 4th Judicial District Court, above mentioned, but in any of the other cases before said courts ; that John A. Cheevers must be permitted to enter upon the discharge of his functions as the commissioned and qualified judge of the Twenty-second Judicial District Court, to try and determine all matters therein actually or hereafter pending, except the said case against him, wherein he shall recuse himself and make the appointment hereinbefore mentioned, and also such other cases in which there may be good and valid cause to legally recuse him.

It is therefore ordered, adjudged, and decreed that the prohibition herein provisionally issued be made perpetual, that H. L. Duffel be accordingly forbidden from acting as judge, either of the late Fourth Judicial District Court or of the Twenty-second Judicial District Court aforesaid ; that the trial of the case of the State vs. Cheevers, No. 2013 of the docket of the late Fourth Judicial District Court, and transferred to the Twenty-second Judicial Court, be proceeded with according to law, after the appointment of a judge to try the same under the provisions of Act No. 40 of 1880, relative to recused cases in district courts outside of the parish of Orleans, and that John A. Cheevers be permitted and authorized to enter upon the discharge of the duties of judge of the Twenty-second Judicial District Court, without prejudice to the rights of whom it may concern to contest his eligibility to that office, the respondents to pay costs of these proceedings.